IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN LAMAR WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00497 ) ) JUDGE RICHARDSON |
| LEAH RUTH WILSON, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

Kevin Lamar Williams, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Leah Ruth Wilson, his court-appointed defense attorney. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court must also construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that a state court judge appointed Defendant Leah Ruth Wilson as Plaintiff's state criminal defense attorney on February 7, 2019. According to the complaint, Wilson has visited Plaintiff once concerning his case. On May 31, 2019, Plaintiff appeared before a state judge and Wilson refused to withdraw from representing Plaintiff. The complaint alleges that Wilson refuses to file any motions Plaintiff asks her to file. The complaint further alleges that Plaintiff has written to Wilson and has received no response. His trial is set for August 19, 2019, and she has not talked with him about his case. Plaintiff believes that Wilson's conduct violates his right to effective counsel under the Sixth Amendment of the United States Constitution. (Doc. No. 1 at 5).

## IV. Analysis

The complaint names only one Defendant: Leah Ruth Wilson, Plaintiff's court appointed state criminal defense attorney. Plaintiff is under the impression that an attorney representing a client in the defense of a criminal charge in state court is acting under color of state law within the meaning of Section 1983. To the contrary, courts uniformly have held that defense counsel,

whether appointed or retained, whether in state or federal court, is not acting under color of law for purposes of Section 1983. *See Mills v. Davis*, 2014 WL 2893215, at *4 (E.D. Tenn. June 24, 2014) (citations omitted); *see also West v. Adkins*, 487 U.S. 42, 49 (1988) (holding that a public defender does not act under color of sate law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding); *James v. Mann*, 234 F.3d 1268, 1268 (6th Cir. 2000) ("James's retained attorney was not a person acting under color of state law so as to be subject to suit under § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding that a private attorney does not act under color of state law despite the fact that he or she was appointed by the court).

A court appointed attorney serves her client. Wilson was not transformed into a state official under color of law for purposes of Section 1983, because she is not acting on the government's behalf but rather is acting as the government's adversary. Because Wilson, as Plaintiff's court-appointed defense lawyer, is not acting under color of state law, the complaint fails to state a claim under Section 1983 upon which relief can be granted. The claim must be dismissed.

Plaintiff is correct that he is entitled to the effective representation of counsel. The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right of a person accused of a crime to the effective assistance of counsel. If Plaintiff is unsatisfied with his attorney's representation and is convicted of a crime in state court, he may raise his concerns about his attorney's performance in a state petition for post-conviction relief and, if necessary, in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, he cannot obtain relief by way of a federal civil rights action, as he has attempted to do here.

## V. Conclusion

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted under Section 1983, and this action will be dismissed.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE